**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

**JANE DOE 1 AND JANE DOE 2,**

               **Plaintiffs,**

    **– against –**

**RICHARD D. KAHN and DARREN K. INDYKE
in their capacities as the co-executors of the
ESTATE OF JEFFREY EDWARD EPSTEIN,
LESLIE HERBERT WEXNER, NINE EAST
71ST STREET CORPORATION, and THE
WEXNER FOUNDATION,**

               **Defendants.**

---------------------------------------------------------------- x

**26-CV-6142**

**Removed from the Supreme Court
of the State of New York, in and for
the County of New York**

**Index No. 158245/2026**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446, Defendants Leslie Herbert Wexner and The Wexner Foundation (the "Wexner Defendants") hereby remove the above-captioned action (the "Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. As explained below, Plaintiffs improperly joined Defendant Nine East 71st Street Corporation and thus no removal or consent is required from this defunct entity, although it consents to the extent necessary. All other Defendants consent to this removal.

This Action is removable under 28 U.S.C. § 1441(a) and (b) because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between Plaintiffs and the non-fraudulently joined Defendants in the Action. The Wexner Defendants provide the following plain statement of the grounds for removal together with all process, pleadings, and orders served in this Action in state court, pursuant to 28 U.S.C. §1446(a).

A.      **Procedural History in the State Action.**

1.      On June 25, 2026, Plaintiffs Jane Doe 1 and Jane Doe 2 (collectively, "Plaintiffs") filed the Action in the Supreme Court of the State of New York, County of New York, where said Action is now pending under the above-captioned title.

2.      A true and accurate copy of the Summons and Complaint filed in the Action is attached as Exhibit A.

3.      A true and accurate copy of Plaintiffs' Request for Judicial Intervention filed in the Action on June 25, 2026, is attached as Exhibit B.

4.      A true and accurate copy of Plaintiffs' Affirmation in Support of Order to Show Cause for Leave to Proceed by Pseudonyms Jane Doe 1 and Jane Doe 2 filed in the Action on June 25, 2026, is attached as Exhibit C.

5.      A true and accurate copy of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Order to Show Cause for Leave to Proceed by Pseudonyms Jane Doe 1 and Jane Doe 2 filed in the action on June 25, 2026, is attached as Exhibit D.

6.      A true and accurate copy of Plaintiffs' Proposed Order to Show Cause filed in the Action on June 30, 2026, is attached as Exhibit E.

7.      A true and accurate copy of the Order to Show Cause to permit Plaintiffs to proceed under pseudonyms, setting a hearing for the same, and issuing a deadline for service of the Order to Show Cause along with the Summons and Complaint filed in the Action on July 8 2026, is attached as Exhibit F.

8.      A true and accurate copy of the Notice of Appearance of Plaintiffs' Counsel Megan S. Goddard filed in the Action on July 1, 2026, is attached as Exhibit G.

9.      A true and accurate copy of the Notice of Appearance of Plaintiffs' Counsel Hailey Miller filed in the Action on July 1, 2026, is attached as Exhibit H.

10.     A true and accurate copy of the Acknowledgment of Receipt of the Summons, Complaint and Order to Show Cause on behalf of Defendants Richard D. Kahn and Darren K. Indyke, in their capacities as co-executors of Jeffrey Epstein's estate, filed in the Action on July 2, 2026, is attached as Exhibit I.

11.     A true and accurate copy of the second Acknowledgment of Receipt of the Summons, Complaint and Order to Show Cause on behalf of Defendants Richard D. Kahn and Darren K. Indyke, in their capacities as co-executors of Jeffrey Epstein's estate, filed in the Action on July 2, 2026, is attached as Exhibit J.

12.     A true and accurate copy of the Acknowledgment of Receipt of Order to Show Cause on behalf of Defendants Richard D. Kahn and Darren K. Indyke, in their capacities as co-executors of Jeffrey Epstein's estate, filed in the Action on July 16, 2026, is attached as Exhibit K.

13.     A true and accurate copy of the docket for the Action as of July 20, 2026, is attached as Exhibit L.

**B.  Complete Diversity Exists As To All Properly Joined Parties.**

14.     Based upon allegations contained in the Complaint filed in the Action, Plaintiff Jane Doe 1 resides and is domiciled in, and is therefore a citizen of, Italy.  See Exh. A, ¶ 20.

15.     Based upon allegations contained in the Complaint filed in the Action, Plaintiff Jane Doe 2 resides and is domiciled in, and is therefore a citizen of, Brazil.  See Exh. A, ¶ 21.

16.     Defendant Leslie Herbert Wexner ("Mr. Wexner") is a resident of and is domiciled in the State of Ohio.

17.     Contrary to Plaintiffs' allegation in the Complaint asserting that it is a New York corporation with its principal place of business in New York, Defendant The Wexner Foundation is an Ohio non-profit corporation with its principal place of business in the State of Ohio.  It is therefore a citizen of Ohio.  See 28 U.S.C. § 1332(c); Exh. M (Abrahamson Declaration).[1]

18.     As co-executors of Jeffrey Epstein's estate, Defendants Richard D. Kahn and Darren K. Indyke are deemed citizens of the same state as the decedent, Jeffrey Epstein.  See 28 U.S.C. § 1332(c)(2); Hartke on behalf of Est. of Hartke v. Bonhams & Butterfields Auctioneers Corp., 2024 WL 4380315, *1–2 (2d Cir. Oct. 3, 2024).

19.      The decedent Jeffrey Epstein resided and was domiciled in, and was therefore a citizen of, the United States Virgin Islands.  Defendants Richard D. Kahn and Darren K. Indyke are therefore citizens of the United States Virgin Islands for jurisdictional purposes.

20.     Defendant Nine East 71st Street Corporation is a defunct New York corporation with its principal place of business in New York that was dissolved no later than May 14, 2015.  It previously owned real property located at Nine East 71st Street (the "Property").  The Wexner Foundation never had any association with or ownership interest in the Property.  See Exh. M (Abrahamson Declaration).

---

[1]     The Court may "look to materials outside the pleadings" to "documents appended to a notice of removal . . . that convey information essential to the court's jurisdictional analysis."  Romano v. Kazacos, 609 F.3d 512, 520 (2d Cir. 2010).  Furthermore, "[c]ourts in this circuit and elsewhere have held that district courts may consider documents beyond the pleadings in determining whether a defendant is fraudulently joined to the action."  Hill v. P.C. Richard & Son, LLC, 2026 WL 710081, *3 (E.D.N.Y. Mar. 13, 2026); CMS Volkswagen Holdings, LLC v. Volkswagen Grp. of Am., Inc., 2013 WL 6409487 *4 (S.D.N.Y. Dec. 6, 2013) (same).

21.    Mr. Wexner acquired the Property through Nine East 71st Street Corporation in August 1989.  However, after extensive renovations were completed, Mr. Wexner lived in the Property for only a short period of time, as his wife, who he married in January 1993, did not like the home.  Ultimately, in November 1998, Mr. Wexner sold his interest in Nine East 71st Street Corporation to NES, LLC, which was owned by Jeffrey Epstein.  Exh. N (Wexner Declaration).

22.    According to an entity name search on the New York Department of State, Division of Corporations' website (last visited July 20, 2026), Nine East 71st Street Corporation was dissolved via certificate filed May 14, 2015.  Exh. O (Nine East 71st Street Filing History with the New York Department of State, Division of Corporations).[2]

23.    Nine East 71st Street Corporation (then owned by Epstein and his limited liability company, NES, LLC) transferred its interest in the Property to Maple, Inc., another Epstein-controlled corporation in December 2011.  Exh. P (Deed Transfer Records).

24.    Plaintiffs allege in the Complaint that they were sexually abused at the Property in 2004, several years after Mr. Wexner had already sold his interest in Nine East 71st Street Corporation.  They allege that Nine East 71st Street Corporation and the non-fraudulently joined Defendants are liable for their injuries under the Gender-Motivated Violence Act ("GMVA").  See N.Y.C. Admin. Code § 10-1101 et seq.

---

[2]    This Court may take judicial notice of these public filings pursuant to Federal Rule of Evidence 201.  See, e.g.,  Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Pursuant to Rule 201, courts have considered … documents filed with a Secretary of State" including dissolution certificates); Haru Holding Corp. v. Haru Hana Sushi, Inc., 2016 WL 1070849, *2 (S.D.N.Y. Mar. 15, 2016) ("The Court takes judicial notice, see Federal Rule of Evidence 201, of the public Entity Information provided by the New York State Department of State, Division of Corporations Corporate and Business Entity Database showing that [the defendant corporation], . . . is an inactive entity as of January 25, 2016.").

25. As explained below, Defendant Nine East 71st Street Corporation is fraudulently or improperly joined in this case, and thus its citizenship is not considered in evaluating diversity of citizenship under 28 U.S.C. § 1332.

26. Complete diversity therefore exists as to Plaintiffs, on the one hand, and the non-fraudulently joined Defendants, on the other.

**C. The Amount In Controversy Exceeds The Jurisdictional Threshold.**

27. The amount in controversy in this Action exceeds the sum or value of $75,000, exclusive of interest and costs.

28. Plaintiffs allege they were assaulted by Jeffrey Epstein in 2004. Exh. A, ¶ 95. They further allege that over the past twenty-two (22) years, they have sustained extensive, permanent incapacitating injuries requiring expensive medical and psychological care. In particular:

> … Plaintiffs have sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.
>
> … Plaintiffs have incurred medical expenses and other economic damages, and continue to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.
>
> … Plaintiffs were caused to sustain severe and serious personal injuries, a severe shock to their nervous system and certain internal injuries, and were caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said Plaintiffs were incapacitated from attending their regular activities; and there was caused to be expended sums of money for medical care on their behalf.

Exh. A, ¶¶ 145-47, 156-57, 165-66.

29. In addition to seeking more than twenty years' worth of "compensatory damages including medical expenses, therapy costs," as well as punitive and exemplary damages and "all

6

other consequential damages," Plaintiffs are also seeking more than twenty years' worth of "lost wages" from Defendants.  Exh. A, Prayer for Relief.

30.     Accordingly, the amount in controversy requirement is satisfied.

31.     Thus, as an action between the non-fraudulently joined parties, this Action is removable.  See 28 U.S.C. §§ 1332(a)(1), 1441(b)(2).

**D.     The Citizenship of Defendant Nine East 71st Street Corporation Should Be Disregarded for Purposes of Determining Diversity Under the Doctrine of Fraudulent or Improper Joinder.**

**1.     The Second Circuit Test for Determining Fraudulent Joinder.**

32.     "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."  Harris v. Zimmer Holdings, Inc., 2019 WL 1873178, *3 (S.D.N.Y. Apr. 26, 2019) (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460–61 (2d Cir. 1988)).  Rather, the doctrine of fraudulent joinder prohibits Plaintiffs from strategically naming a New York defendant to evade federal jurisdiction.  "Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court."  Brown v. Eli Lilly & Co., 654 F.3d 347, 356 (2d Cir. 2011) (quoting Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 2015 (2d Cir. 2010)).[3]

---

[3]     Although the rule of unanimity typically requires that all defendants consent to removal, that requirement is excused in the case of fraudulently joined defendants.  See Hill, 2026 WL 710081 at *6 ("Courts find an exception to the rule of unanimity for . . . fraudulently joined defendants.") (collecting cases); see also Khan v. CXA-16 Corp., 2017 WL 1906885, *3 (S.D.N.Y. May 5, 2017) ("Furthermore, because Hasselt [the fraudulently joined, non-diverse defendant] is not a proper party to this action, removal did not violate the unanimity rule.").

33. "In the specific context of fraudulent joinder," moreover, "documents outside of pleadings can be considered 'to determine if the pleadings can state a cause of action.'" 2386 Hempstead, Inc. v. WFG Nat'l Title Ins. Co., 2023 WL 2822553, *7 n.6 (S.D.N.Y. Apr. 7, 2023) (citation omitted).

34. Plaintiffs here have no possibility of recovering against Nine East 71st Street Corporation for three reasons.

> **2.    Plaintiffs Have No Possible Claim Against Nine East 71st Street Corporation Given The Passage Of Time.**

35. *First*, Plaintiffs cannot assert a claim against Nine East 71st Street Corporation because it has been dissolved for more than a "reasonable period of time." Lance Int'l, Inc. v. First Nat'l. City Bank, 86 A.D.3d 479, 480 (N.Y. App. Div. 2011) (noting how courts imply a reasonable period of time when a statute is silent for winding up a dissolved corporation's affairs).

36. A corporation is dissolved when the New York Department of State accepts and files a certificate of dissolution. See Coniglio v. Cucuzza, 2024 WL 4350744, *1 (E.D.N.Y. Sept. 30, 2024) (citing N.Y. Bus. Corp. Law ("BCL") §§ 104(e), 1004(a)). New York regards dissolved corporations as "legally dead." Invacare Supply Grp. Inc. v. Englander, 19 Misc. 3d 1114(A) (N.Y. Sup. Ct. 2008). "Upon dissolution, a corporation's legal existence terminates," subject only to limited exceptions. Lorisa Cap. Corp. v. Gallo, 119 A.D.2d 99, 109 (N.Y. App. Div. 1986).

37. Specifically, the dissolved corporation "may continue to function for the purpose of winding up" its affairs, see BCL § 1006(a), and "shall carry on no business except for the purpose of winding up its affairs." BCL § 1005(a)(1). Aggrieved parties may seek "any remedy available to or against [the dissolved] corporation, its directors, officers or shareholders" provided that the alleged liability existed or was incurred "before such dissolution." BCL § 1006(b). Likewise, a dissolved corporation can commence a suit against another party, but only "for the

8

limited purpose of 'winding up its affairs.'" Coniglio, 2024 WL 4350744 at *1 (citation omitted); BCL § 1006(a)(4); see also Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc., 2020 WL 7093592, *6 (S.D.N.Y. Dec. 4, 2020) (finding that dissolved corporation "which no longer exists . . . cannot move this Court for relief, as that would constitute an action other than 'winding up its affairs'").

38.    "Thus, the dissolved corporation exists for 'the purpose of and for as long as is necessary to satisfy and provide for its debts and obligations and it may sue or be sued on these obligations until its affairs are fully adjusted.'" Next Millenium Realty, LLC v. Adchem Corp., 690 F. App'x 710, 715–16 (2d Cir. 2017) (quoting Rodgers v. Logan, 121 A.D.2d 250, 253 (N.Y. App. Div. 1986)).

39.    However, because "the winding up of affairs cannot continue indefinitely," New York courts have held that the wind-up period is limited to a "reasonable period of time." Lance Int'l, 86 A.D.3d at 480; Next Millenium Realty, 690 F. App'x at 716.  Actions brought by or against a dissolved corporation after the "reasonable" winding up period fail as a matter of law. Lance Int'l, 86 A.D.3d at 480; see also Next Millennium Realty, L.L.C. v. Adchem Corp., 2016 WL 1178957, *6 (E.D.N.Y. Mar. 23, 2016), aff'd, 690 F. App'x 710 (2d Cir. 2017) ("[A] corporation lacks the capacity to be sued upon completion of the winding up process under New York law.").

40.    In this case, an entity name search on the New York State Division of Corporations' website confirms that Nine East 71st Street Corporation was dissolved by certificate on May 14, 2015.  Plaintiffs filed their Complaint on June 25, 2026, eleven (11) years later.

41.    Plaintiffs' Complaint contains no mention or allegation that Nine East 71st Street Corporation was not wound-up years ago.  Nor could it.  Plaintiffs allege that the purpose of Nine

East 71st Street Corporation was to "hold and manage" the Property.  Exh. A, ¶ 26.  But that purpose ended more than fifteen (15) years ago, when Nine East 71st Street Corporation (then owned by Epstein and his limited liability company, NES, LLC) transferred its interest in the Property to Maple, Inc., another Epstein-controlled corporation in December 2011.  Exh. P (Deed Transfer Records); see also Fawn Second Ave. LLC v. First Am. Title Ins. Co., 610 F. Supp. 3d 621, 628 (S.D.N.Y. 2022) (taking judicial notice of property records).  Since no later than its dissolution, Nine East 71st Street Corporation has no operation, employees, income, assets, or activity of any type.  Nine East 71st Street Corporation did not maintain an insurance policy during the period Plaintiffs alleged they were abused (2004) that did or would have provided coverage for intentional tortious acts, including sexual misconduct.

42.     Eleven years is well after the wind-up period and, as a result, Plaintiffs have no possible claim against Nine East 71st Street Corporation under New York law.  See Brown v. Vitucci, 2022 WL 21781440, *5 (E.D.N.Y. Feb. 16, 2022), R&R adopted in relevant part, rejected in part on other grounds, see No. 14-cv-05034 (Apr. 21, 2022 text order), aff'd, No. 22-1070, 2023 WL 2961730 (2d Cir. Apr. 17, 2023) (plaintiff corporation lacked capacity to sue where it was dissolved in 2004, executed the at-issue lease in 2008, then filed suit "approximately ten years" later); see also Brandes Meat Corp. v. Cromer, 146 A.D.2d 666, 666–67 (N.Y. App. Div. 1989) (where corporation dissolved in 1981, "[t]he plaintiff's sale to the defendant [corporation] of certain goods in 1984 and 1985 was clearly not a transaction relating to the winding up of the corporation's affairs and the corporation therefore lacks the capacity to sue or to be sued in connection with that transaction").[4]

---

[4]     See also Commonwealth Title Ins. Co. v. 535 W. 162nd St. Equities, Inc., 5 Misc. 3d 1017(A) (N.Y. Sup. Ct. 2004) (corporation dissolved in 1994 could not be held liable for its 1998 agreement to pay outstanding liens and

### 3.    No Possible GMVA Claim Existed Against Nine East 71st Street Corporation Prior To Its Dissolution.

43.    *Second*, even if Nine East 71st Street Corporation were still in the process of winding up its affairs (and it is not), any claim Plaintiffs assert against it must "have existed before dissolution." MMI Trading, Inc. v. Nathan H. Kelman, Inc., 120 A.D.3d 478, 480 (N.Y. App. Div. 2014); see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Strong Partitions Inc., 2013 WL 6705040, *2 (S.D.N.Y. Dec. 19, 2013) (emphasizing that under BCL § 1006(b), dissolution does not affect any remedy against a dissolved corporation for any claim existing "*or any liability incurred before such dissolution*," and holding that while plaintiffs "may be able to state a claim against Strong Partitions for obligations arising prior to the dissolution, [plaintiffs] have not, at this juncture, demonstrated that Strong Partitions is liable for obligations incurred after its dissolution") (italics in original).

44.    Here, however, Nine East 71st Street Corporation's alleged liability under the GMVA did not exist at, and was not incurred before, its 2015 dissolution.  Plaintiffs allege, for example, that the Corporation "enabled" Jeffrey Epstein's conduct.  But the GMVA did not provide for enabler liability until it was amended in 2022, seven years after the Corporation's dissolution.  See S.S. v. Rockefeller Univ. Hosp., 239 A.D.3d 424, 426 (N.Y. App. Div. 2025); see also Roldan v. Lewis, 2025 WL 676090, *12 (E.D.N.Y. Mar. 3, 2025) ("Critically, though, at

---

judgments on property; rather individual shareholder who signed agreement purportedly on behalf of dissolved corporation was personally liable in action filed in 2003); McIntyre v. Bradford White Corp., 68 Misc. 3d 1220(A) (N.Y. Sup. Ct. 2020) ("Sparco/Rapsco was dissolved on December 21, 2001. There is simply no evidence that more than fifteen years later, when plaintiffs brought suit against it, the corporation was still in the process of winding up of its affairs. Therefore, plaintiffs cannot maintain this action against the dissolved corporation, Sparco/Rapsco.").

the time of the Amended GMVA's enactment, Plaintiff's claim . . . did not, and never had, existed.").

45.     Plaintiffs also rely on N.Y.C. Admin. Code § 10-1104.1, which went into effect on January 29, 2026 – almost eleven (11) years after Nine East 71st Street Corporation's dissolution. To state the obvious, a dissolved corporation cannot sue or be sued based on a liability that did not exist under the law at all for more than a decade after the corporation's legal death.  See Delpad Realty Corp. v. Rapport, 119 N.Y.S.2d 675, 676 (N.Y. Mun. Ct. 1953) ("Here, the alleged obligation sued upon did not arise until some eleven years after the dissolution. There can be no question, therefore, that plaintiff does not have any legal capacity to sue" to enforce it); see also Roldan, 2025 WL 676090 at * 13 (a plaintiff cannot hold a defendant liable "for conduct not prohibited by the GMVA at the time it took place").

46.     Further, Plaintiffs do not allege facts explaining how Nine East 71st Street Corporation can be held liable for alleged post-dissolution obligations that have nothing do with its already-completed winding up process.  See Hernandez v. Delta Deli Mkt. Inc., 2019 WL 643735, *3–4 (E.D.N.Y. Feb. 12, 2019) (dissolved corporations "cannot be held liable for actions that occurred subsequent to their legal dissolution" where the plaintiff "has not sufficiently alleged how they could be liable for actions subsequent to their dissolution"); see also Marshall v. Simmons, 69 Misc. 3d 994, 995 (N.Y. Civ. Ct. 2020) (quoting CPLR § 3103 and emphasizing that a complaint filed in state court must assert "*the material elements of each cause of action*" to survive a motion to dismiss) (italics in original).

47.     For this additional reason, Plaintiffs cannot assert a claim against Nine East 71st Street Corporation.

### 4.   Plaintiffs Cannot Hold Nine East 71st Street Corporation Liable For Epstein's Acts Under A Vicarious Liability Or Respondeat Superior Theory As A Matter Of Law.

48.   *Third*, Plaintiffs have no possible claim against Nine East 71st Street Corporation because they cannot hold Nine East 71st Street Corporation liable under a theory of respondeat superior and/or vicarious liability for Epstein's sexual misconduct.  See, e.g., Swarna v. Al-Awadi, 622 F.3d 123, 144–45 (2d Cir. 2010) ("New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context.") (collecting New York cases) (citations omitted).

49.   "Under the common-law doctrine of respondeat superior, an employer . . . may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment."  Boatman v. Cnty. of Onondaga, 229 A.D.3d 1214, 1215 (N.Y. App. Div. 2024) (citation omitted).  "Liability attaches 'for the tortious acts of . . . employees only if those acts were committed in furtherance of the employer's business and within the scope of employment."  Rivera v. State, 34 N.Y.3d 383, 389 (2019) (citation omitted).  "Thus, if an employee for purposes of their own departs from the line of duty so that for the time being their acts constitute an abandonment of service, the employer is not liable."  Boatman, 229 A.D.3d at 1215 (cleaned up).

50.   In their GMVA claim against Nine East 71st Street Corporation, Plaintiffs here expressly invoke respondeat superior, alleging that "Jeffrey Epstein served as Chief Executive Officer of Defendant Nine East 71st Street Corporation and acted within the scope of his employment when he committed acts of gender-motivated violence against Plaintiffs."  Exh. A, ¶ 160, see also ¶¶ 54, 106, 135 ("[t]he household staff who facilitated Epstein's assaults were

employed through Defendant Nine East 71st Street Corporation"). Yet, it is "well settled" under New York law that a "sexual assault perpetrated by an employee is not in furtherance of an employer's business and is a clear departure from the scope of employment, having been committed for wholly personal motives." Boatman, 229 A.D.3d at 1215 (probation officer did not act within scope of employment while sexually abusing plaintiff) (citation omitted); see also Browne v. Lyft, Inc., 219 A.D.3d 445, 447 (N.Y. App. Div. 2023) ("Here, assuming that Singh engaged in the sexual misconduct as alleged in the complaint, it is clear that such conduct was a departure from his duties as a Lyft driver and was committed solely for personal motives unrelated to Lyft's business. As such, the sexual misconduct cannot be said to have been within the scope of employment."); Judith M. v. Sisters of Charity Hosp., 93 N.Y.2d 932, 933 (1999) (similar).

51.    New York courts have applied this same reasoning to claims arising under the GMVA. See, e.g., Doe v. Sweet Green Inc. et al., Index No. 504820/2024, slip op. at 6 (Sup. Ct. Kings Cnty, (Mar. 3, 2026) (Montelione, J.,) (granting defendant Sweet Green's motion to dismiss GMVA claim because "New York courts have consistently held that sexual assault and rape are outside the scope of employment and as a result employers cannot be held vicariously liable"). Exh. Q (Sweet Green Opinion).

### E.    Removal Based on Diversity Jurisdiction Is Timely and Proper.

52.    This Court therefore has jurisdiction of this Action pursuant to 28 U.S.C. §1332, and this Action therefore may be removed to this Court pursuant to 28 U.S.C. §1441(b), because there is complete diversity of citizenship between the parties and the amount in controversy in this Action exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

53.    Plaintiffs served the Wexner Defendants with the Summons and Complaint on July 15, 2026.  This Notice of Removal is filed before the thirty (30) day time-period following the Wexner Defendants receipt of the Summons and Complaint, as well as receipt by the other named defendants.  Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

54.    A true and accurate copy of the Affirmation of Due Diligence filed in the Action on July 20, 2026, is attached as Exhibit R.

55.    A true and accurate copy of a second Affirmation of Due Diligence filed in the Action on July 20, 2026, is attached as Exhibit S.

56.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of a Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York and will give written notice of the filing of this Notice of Removal to Plaintiffs.  A copy of the Notice of Filing of Notice of Removal is attached as Exhibit T.

57.    The time in which Defendants are required by the laws of the State of New York to answer or otherwise respond to the Complaint has not elapsed.  By filing this Notice of Removal, Defendants do not waive any defense available to them including, but not limited to, any objections to service of process, personal jurisdiction or venue, and reserve all rights and waive none, including but not limited to the right to bring a motion to dismiss the claims in the Action under Rule 12 of the Federal Rules of Civil Procedure.

58.    All non-fraudulently joined Defendants consent to this removal.

59.    Defendants reserve the right to amend or supplement this Notice of Removal.

Accordingly, the Wexner Defendants respectfully request that this Action proceed before this Court as an action properly removed from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: July 20, 2026

Respectfully submitted,

/s/ Andrew J. Weinstein
Andrew J. Weinstein
THE WEINSTEIN LAW FIRM PLLC
800 Third Avenue, 20th Floor
New York, NY 10022
(212) 582-8900
(FAX) (212) 582-8989
aweinstein@twlf.com

/s/ Marion H. Little, Jr.
Marion H. Little, Jr.  (0042679)
*Pending Admission Pro Hac Vice*
ZEIGER, TIGGES & LITTLE LLP
8000 Walton Parkway, Suite 260
New Albany, OH  43054
(614) 365-9900
(FAX) (614) 365-7900
little@litohio.com

*Attorneys for Defendants Leslie Herbert
Wexner and The Wexner Foundation*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system this 20th day of July, 2026, which will send notification of such filing to all attorneys of record.

In addition, immediately upon the electronic filing referenced above, the undersigned caused a copy of the electronically filed documents to be served via email upon the following:

Lindsay M. Goldbrum, Esq.
Megan S. Goddard, Esq.
Hailey Miller, Esq.
39 Broadway, Suite 1540
New York, New York 10006
Lindsay@goddardlawnyc.com
Megan@goddardlawnyc.com
Hailey@goddardlawnyc.com

*Counsel for Plaintiffs*

Daniel S. Ruzumna, Esq.
Amy N. Vegari, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10583
Email: druzumna@pbwt.com
avegari@pbwt.com

Bennet J. Moskowitz, Esq.
Troutman Pepper Locke LLP
875 Third Avenue
New York, New York 10022
Email: bennet.moskowitz@troutman.com

*Counsel for Defendants*
*Richard D. Kahn and Darren K. Indyke,*
*in their capacity as a co-executors of the*
*Estate of Jeffrey Edward Epstein*
*and Nine East 71st Street Corporation*

/s/ Andrew J. Weinstein
Andrew J. Weinstein

1053-007:1089986