# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Lindsay@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

July 31, 2026

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, New York 10007

Re:    ***Jane Doe 1 and Jane Doe 2 v. Kahn et al.*, No. 26-cv-06142 (JGK)**

Dear Judge Koeltl:

We represent Plaintiffs Jane Doe 1 and Jane Doe 2 and write pursuant to Your Honor's Individual Practice III.B in response to the July 27, 2026, pre-motion letter (ECF No. 10) of Defendants Richard Kahn and Darren Indyke, in their capacities as co-executors of the Estate of Jeffrey E. Epstein (the "Estate"), and Defendant Nine East 71st Street Corporation ("Nine East"). Leave to move under Rule 12(b)(6) should be denied, as should the alternative request for a stay.

Three weeks ago, a New York court rejected the very arguments the Estate previews here, preemption, stay, and the sufficiency of enabler pleading, in an action against Indyke and Kahn both as co-executors of the Estate and in their individual capacities. *Silva de Deus v. Indyke*, Index No. 151301/2026, NYSCEF Doc. No. 16 (Sup. Ct. N.Y. Cnty. July 7, 2026) (Silvera, J.) (attached as Exhibit A). The Estate's letter, filed twenty days later, suspiciously does not mention it, despite being the defendant in that matter.

## I.    The Nine East Arguments Are Jurisdictional and Fail Under the Governing Standard

The Estate's Nine East arguments are the Wexner Defendants' fraudulent-joinder theory in Rule 12(b)(6) clothing. That question goes to this Court's subject-matter jurisdiction and must be resolved first. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Plaintiffs will move to remand, and the standard on that motion is not *Twombly*. Defendants must establish "by clear and convincing evidence" that "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court," with "all factual and legal ambiguities resolved in favor of plaintiff." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (doubts as to removal jurisdiction resolved against removal).

Defendants cannot carry that burden. Their lead theory, that Nine East's wind-up period has run, turns on a fact they nowhere establish: that Nine East's affairs have been "fully adjusted." *Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710, 715–16 (2d Cir. 2017), the case they

The Honorable John G. Koeltl
July 31, 2026
P a g e | 2

cite, was decided on summary judgment on a developed record. A Department of State entry reflecting a 2015 dissolution establishes the date of dissolution and nothing more, not whether obligations, assets, indemnities, or insurance remain, facts within Defendants' knowledge and not Plaintiffs'. Meanwhile, N.Y. Bus. Corp. Law § 1006(a)(4) provides that a dissolved corporation "may sue or be sued in all courts," and § 1006(b) that dissolution "shall not affect any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred before such dissolution."

Defendants' second theory, that no claim could have "existed" before 2015, misreads § 1006(b). The right or claim at issue arises from Epstein's assaults and from Nine East's role in furnishing the premises where they occurred; all of that conduct and injury predates dissolution. Defendants' reading would extinguish every CVA and ASA claim ever brought against a dissolved New York entity. *Levin Metals* is a Ninth Circuit CERCLA decision applying California law and does not construe § 1006.

Third, *Swarna* is beside the point. Plaintiffs need no *respondeat superior* theory. Section 10-1104.1 imposes direct liability on any party that "enables" a gender-motivated crime of violence, and the Complaint alleges that Nine East furnished the property where the assaults occurred. Compl. ¶ 135. Plaintiffs' complaint defeats both fraudulent joinder and dismissal on the pleadings. Justice Silvera sustained materially identical enabler allegations against Indyke and Kahn on July 7, holding that plaintiffs adequately pleaded that they "took part in financial and legal maneuvers on behalf of Epstein that enabled him to commit gender-motivated crimes of violence," and rejecting the same group-pleading objection. Ex. A at 2.

## II.    Plaintiffs Sue Under a New Cause of Action, Not a Revival Window

The Estate's preemption argument rests entirely on *Parker v. Alexander*. But the question certified there is confined by its terms to "the two-year revival window established by . . . § 10-1105(a)." *Parker v. Alexander*, 171 F.4th 146, 153 (2d Cir. 2026). Plaintiffs do not invoke § 10-1105(a).

Plaintiffs sue under N.Y.C. Admin. Code § 10-1104.1, added by Local Law No. 50 (2026). That section revives nothing. It *creates* a cause of action for any person injured by a party who "commits, directs, enables, participates in, or conspires in" a crime of violence motivated by gender occurring "(i) on or before December 19, 2000, or (ii) after December 19, 2000, and before January 9, 2022," § 10-1104.1(a), and it prescribes its own limitations period of eighteen months from the effective date, § 10-1104.1(b). The word "revive" appears nowhere in the section. To the contrary, § 1 of Local Law 50 *narrowed* § 10-1105(a) so that the 2022 revival language now reaches only actions "under section 10-1104." The Council thus deliberately decoupled the new cause of action from the very provision at issue in *Parker*.

That distinction is dispositive. The CVA and ASA are revival statutes. CPLR 214-g, 214-j. A field-preemption theory premised on the State's occupation of "the field of revival of civil claims," *Parker*, 779 F. Supp. 3d at 367, cannot reach a local law that creates substantive liability rather than reviving expired claims, and nothing in the CVA or ASA purports to bar the City from creating a new civil rights remedy for gender-motivated violence. That is precisely what Justice Silvera held as to these Defendants: the GMVA "created a new civil rights cause of action where

The Honorable John G. Koeltl
July 31, 2026
P a g e | **3**

none existed at the time" and "is not and was not intended to be preempted by two revival statutes that were directed towards sexual assault causes of action"; nor does "the local law . . . conflict in such a manner with the ASA and CVA that it prohibits what would be permissible under state law." Ex. A at 1–2.

Federal authority in this District is in accord with New York State authority on this issue. *Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *3–7 (S.D.N.Y. Sept. 27, 2024) (rejecting both field and conflict preemption); *see also Engelman v. Rofe*, 194 A.D.3d 26 (1st Dep't 2021) (GMVA limitations period not preempted); *Chieke v. Wiley*, Index No. 152741/2025 (Sup. Ct. N.Y. Cnty. Jan. 6, 2026 (rejecting that the ASA preempted the GMVA); *L.G. v. S.V.*, 88 Misc. 3d 1240(A) (Sup. Ct. Queens Cnty. 2026). Certification establishes only that the question is open: the panel declined to resolve it, and Judge Jacobs wrote for himself, not the Court.

### III.   A Stay Is Unwarranted

Defendants bear the burden of justifying a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). They cannot meet it. Their premise, that the Court of Appeals' answer will be "equally dispositive" of the 2026 amendment, is wrong for the reasons above: the certified question addresses § 10-1105(a)'s revival window, not § 10-1104.1's freestanding cause of action. Plaintiffs' claims also sound in gender-motivated violence, a category broader than the Article 130 offenses the CVA and ASA revive, and even the *Parker* defendants pressed preemption only to the extent of overlap.

The equities run the other way. The conduct is decades old, Epstein is dead, and Indyke and Kahn are the surviving custodians of the relevant records. Justice Silvera denied the identical stay request because he "s[aw] no need to further delay resolution of these incidents that allegedly accrued in the early 2000s." Ex. A at 1. That action proceeds to a preliminary conference on August 13, 2026; there is no reason to place these two Plaintiffs on a different footing.

### IV.   Retroactive Application Presents No Due Process Problem

*Bensky* held that the 2022 amendment's enabler provision did not reach earlier conduct because the Council had not said that it should, while expressly declining to "foreclose a future plaintiff from making the case for such a reading." *Bensky v. Indyke*, 743 F. Supp. 3d 586, 600 & n.5 (S.D.N.Y. 2024). Local Law 50 is the Council's answer. Section 10-1104.1 applies, by its terms and exclusively, to conduct predating January 9, 2022. There is no silence to construe and no presumption to apply.

Nor is there constitutional infirmity. Under New York law, a claim-revival statute satisfies due process if "enacted as a reasonable response in order to remedy an injustice." *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377, 400 (2017); *see Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 514 (1989). Federal due process is more forgiving still. *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 311–16 (1945); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995); *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15–16 (1976). *Regina Metropolitan*, a rent-overcharge case, is not to the contrary; the Court there reaffirmed the revival standard of *World Trade Center*.

The Honorable John G. Koeltl
July 31, 2026
P a g e | 4

For these reasons, Plaintiffs respectfully request that the Court deny Defendants leave to file the proposed motion and deny their request for a stay.

Respectfully submitted,

Lindsay M. Goldbrum, Esq.

cc:    All counsel of record (via ECF)