## ZEIGER, TIGGES & LITTLE LLP

TELEPHONE: (614) 365-9900

FACSIMILE: (614) 365-7900

ATTORNEYS  AT  LAW

8000 WALTON PARKWAY

SUITE 260

NEW ALBANY, OHIO 43054

WRITER'S DIRECT NUMBER:

(614) 365-4113

LITTLE@LITOHIO.COM

August 4, 2026

**SUBMITTED VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>          Re:    Jane Doe 1, et al. v. Richard D. Khan, et al.
>                 United States District Court, Southern District of New York
>                 Case No. 1:26-cv-06142 (Koeltl, J.)

Dear Judge Koeltl:

Pursuant to Your Honor's Individual Practices, Defendants Leslie Herbert Wexner and The Wexner Foundation (the "Wexner Defendants") submit this letter reply in support of their July 28, 2026 letter request for a pre-motion conference in anticipation of filing a motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted [Doc. 17], and in response to Plaintiffs' August 2, 2026 letter in opposition [Doc. 26.]

> **A.     Plaintiffs' Second Reply In Support Of Their Letter Motion To Remand Is Doubly Improper.**

Rather than respond to the Wexner Defendants' letter on the merits, Plaintiffs use the bulk of their letter as another, additional reply filing in support of their letter-motion to remand this action, even though: (1) they had already filed one [see Doc. 25]; and (2) Local Rule 7.1(e) does not permit them to submit a dispositive motion to remand via letter-motion in the first place. See Felice v. WestPark Cap., Inc., 2025 WL 1114387, *3 (S.D.N.Y. Apr. 14, 2025) (denying letter motion to dismiss "as an improperly filed motion" because "only 'non-dispositive matters may be brought by letter[ ]motion' unless otherwise authorized by the Court" under S.D.N.Y. Local Rule 7.1(e)).  But because Plaintiffs have argued that the Court should resolve their improper letter motion for remand first, we note that they are wrong on this point too.

As Plaintiffs acknowledge, Supreme Court precedent expressly authorizes the Court to first determine that it lacks personal jurisdiction over the Wexner Defendants without addressing Plaintiffs' claim that subject matter jurisdiction is improper. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584–85 (1999); see also In re Arb. between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine, 311 F.3d 488, 498 (2d Cir. 2002) ("[D]ismissal for want of personal jurisdiction is independent of the merits and does not require subject-matter jurisdiction."); Alessi

Hon. John G. Koeltl
August 4, 2026
Page 2

Equip., Inc. v. Am. Piledriving Equip., Inc., 2019 WL 4412474, *2-3, 3 n.2 (S.D.N.Y. Sept. 16, 2019) (granting motion to dismiss for lack of personal jurisdiction without reaching issue of subject matter jurisdiction).  And the Court should do so here for two reasons.

*First*, thanks to Plaintiffs, subject matter jurisdiction in this case is not at all self-evident. Plaintiffs know that counsel's representations about Jane Doe 1 living abroad are not evidence. So, they submitted a declaration on behalf of Jane Doe 1, purporting to establish her Italian domicile, but without identifying who Jane Doe 1 is, or displaying the necessary signature.  [Doc. 25-1.]  Yet the Wexner Defendants do not know who Jane Doe 1 is.  Neither the Court nor the Wexner Defendants  have any way of knowing whether she is the same Jane Doe 1 referred to in the underlying complaint.  And neither the Court nor Defendants have any way of knowing whether the individual claiming to be Jane Doe 1 did, in fact, sign the declaration.  Unsurprisingly, her anonymous declaration – which may or may not be signed − is "of no evidentiary worth."  See Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., 2022 WL 1689638, *2 (S.D.N.Y. May 26, 2022) ("This Court will not credit Defendants' anonymous, unsigned declarations in determining whether it has personal jurisdiction over the Anonymous Defendants.").

*Second*, while personal jurisdiction over the Wexner Defendants is a constitutional question and a matter of fundamental due process, Plaintiffs' claim regarding lack of subject matter jurisdiction "rests on statutory interpretation, not constitutional command."  Ruhrgas, 526 U.S. at 584.  And "where the potential lack of jurisdiction is a constitutional question" the Court should "decide the question."  Butcher v. Wendt, 975 F.3d 236, 242–43 (2d Cir. 2020).  Indeed, the Supreme Court in Ruhrgas affirmed the district court's decision to resolve personal jurisdiction first in view the parties' dispute over fraudulent joinder – the same problem at issue here.  See Ruhrgas, 526 U.S. at 584 ("Marathon joined an alien plaintiff (Norge) as well as an alien defendant (Ruhrgas). If the joinder of Norge is legitimate, the complete diversity required by 28 U.S.C. § 1332 … but not by Article III … is absent.").

**B.       The Court Lacks Personal Jurisdiction Over The Wexner Defendants.**

Plaintiffs also contend that the Court should address subject matter jurisdiction first because the absence of personal jurisdiction over the Wexner Defendants is somehow legally complicated or factually unclear.  Not so.

*First*, Plaintiffs argue that "Defendants have submitted no affidavit controverting Plaintiffs' jurisdictional allegations."  [Doc. 26 at 2.]  That's wrong.  Exhibit M to the Notice of Removal is a signed declaration on behalf of Rabbi Barbara Abrahamson, President of the Wexner Foundation which conclusively demonstrates that The Wexner Foundation is a citizen of Ohio (rather than New York), and that it has never held any interest in the Property where Plaintiffs alleged they were abused.  [Doc. 1-13.]  Exhibit to N to the Notice of Removal is a signed declaration on behalf of Mr. Wexner explaining that he has had nothing to do with the Property since 1998, six years before Plaintiffs were injured there, and is accompanied by the requisite property and tax records to prove it. [Doc. 1-14.]  According to Plaintiffs' cited case law, these declarations control in the

ZEIGER, TIGGES & LITTLE LLP

Hon. John G. Koeltl
August 4, 2026
Page 3

jurisdictional inquiry because they "controvert[]" Plaintiffs' inaccurate allegations. MacDermid, Inc. v. Deiter, 702 F.3d 725, 727–28 (2d Cir. 2012). And since the Wexner Defendants had no relationship to the Property at the time of the abuse which occurred in 2004, Plaintiffs have no hope of establishing jurisdiction under CPLR 302(a)(4).

*Second*, Plaintiffs maintain that the fiduciary-shield doctrine does not immunize Mr. Wexner from the Court's jurisdiction. But Mr. Wexner does not rely on it. "[T]he fact that New York does not adopt the fiduciary shield doctrine does not mean that a corporate officer is automatically subject to long-arm jurisdiction." Merck & Co. v. Mediplan Health Consulting, Inc., 425 F. Supp. 2d 402, 419 (S.D.N.Y. 2006) (citation omitted). Plaintiffs still must show that Mr. Wexner's "own contacts with the state satisfy the [long-arm statute's] requirements," or demonstrate personal jurisdiction through an agency theory. Id. Plaintiffs have done neither. They do not dispute that their Complaint has no allegations concerning Mr. Wexner's personal contacts with New York.

*Third*, agency is a jurisdictional dead end for Plaintiffs because, even if the purported facts here are different from those at issue in Edwardo v. Roman Cath. Bishop of Providence, the law remains the same: "New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context," thus the agent's in-forum misconduct does not give rise to personal jurisdiction over the employer defendant. Edwardo, 66 F4th at 74; see also Zunzurovski v. Finger, 2024 WL 836481, *3 (S.D.N.Y. Feb. 28, 2024) ("[T]he [agency] argument fails because Zunzurovski's claims concern Defendants' alleged sexual assault and harassment of two Sapphire employees. … And under New York law, an employee who commits sexual assault is not acting as an agent of his employer."); O'Reilly v. TP ICAP Glob. Markets Americas LLC, 2025 WL 2773284, *11 (S.D.N.Y. Sept. 29, 2025) ("[E]ven if the sexual misconduct took place on the job and during working hours, Mr. Waters 'departed from his duties' and acted for his own personal benefit when he repeatedly harassed Plaintiff," "[t]herefore, his conduct cannot be imputed to CGML for purposes of establishing personal jurisdiction under Section 302(a)(2) or (a)(3)."). Plaintiffs' Gender-Motivated Violence Act claims fail on the merits for the same reason.

Finally, to the extent the Court finds it beneficial in resolving this, or other disputes, counsel for the Wexner Defendants welcomes the opportunity to appear in person and be heard on the threshold constitutional issue presented to the Court.

We appreciate the Court's attention to this matter.

Very truly yours,

*/s/ Marion H. Little, Jr.*

Marion H. Little, Jr.

1092386